UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUTT'S HUT, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> MUTT'S HUT INTERNATIONAL : <br> et al., : <br> : <br> Defendants. : | Civil Action No. 11-1350 (SRC) <br><br> **ORDER** |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motion for entry of default judgment (Docket Entry No. 12), pursuant to Federal Rule of Civil Procedure 55(b)(2), by Plaintiff Rutt's Hut, Inc. On June 29, 2011, this Court entered judgment by default against Defendants Mutt's Hut International, Adam's Bagel & Deli, and Magdi Muhammad, and Ordered a proof hearing on the pending issues of damages. Evidentiary hearings were held on July 7 and 18, 2011. Defendant Magdi Muhammad appeared *pro se* at both hearings.

At the hearing held on July 18, 2011, Plaintiff withdrew its requests for all damages except for attorneys' fees. Plaintiff seeks an award of attorneys' fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a). The latter provision of the Lanham Act states:

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office . . . the plaintiff shall be entitled . . . to recover . . . the costs of the action. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

Plaintiff asserts, correctly, that it has alleged the necessary factual predicates in the Complaint,

and that, with the entry of default judgment, they are accepted as established: Defendants have violated a right of the registrant of a trademark.  The only remaining question is whether this case qualifies as an exceptional case which merits an award of attorney's fees.  As to this issue, the Third Circuit has held:

> Determining whether a case is exceptional is a two-step process.  First, the District Court must decide whether the defendant engaged in any culpable conduct.  We have listed bad faith, fraud, malice, and knowing infringement as non-exclusive examples of the sort of culpable conduct that could support a fee award.  Moreover, the culpable conduct may relate not only to the circumstances of the Lanham Act violation, but also to the way the losing party handled himself during the litigation.  Second, if the District Court finds culpable conduct, it must decide whether the circumstances are 'exceptional' enough to warrant a fee award.  In sum, a district court may not award fees without a finding of culpable conduct, but it may decline to award them despite a finding of culpable conduct based on the totality of the circumstances.

Green v. Fornario, 486 F.3d 100, 103-104 (3d Cir. 2007) (citations omitted).

This Court must thus first decide whether Defendants engaged in any culpable conduct, and it is clear that they have.  Defendant Muhammad, owner of the Defendant business, admitted at the July 18, 2011 hearing that he received pre-suit letters from Plaintiff's attorneys on more than one occasion which complained of the infringement, and that he did not at that time cease the infringing conduct, nor did he ever attempt to contact Plaintiffs or their attorneys to resolve the dispute.  Muhammad admitted that, in fact, he did not cease the infringing conduct until Ordered to do so by the Court.  Nor did Muhammad respond to Plaintiff's Complaint.  This Court finds that this constitutes culpable conduct.

Next, this Court must determine whether the circumstances are exceptional enough to warrant a fee award.  This Court finds that an award of fees is especially just under the circumstances of this case.  Defendant Muhammad had the power to avoid the legal costs of this

litigation, and he chose not use it.  Had he chosen not to ignore the letters from Plaintiff's attorneys, this litigation might have been unnecessary, and the legal fees associated with it might have been entirely avoided.  Now, pursuant to 15 U.S.C. § 1117(a), it is appropriate that the defaulting Defendants should bear these costs.

Plaintiff has established by way of affidavit that it has incurred attorneys' fees in the amount of $21,621.54.  This Court awards Plaintiff attorneys' fees in the amount of $21,621.54.

**SO ORDERED.**

                                              s/ Stanley R. Chesler
                                        Stanley R. Chesler, U.S.D.J.

Dated: July 18, 2011